**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT**
**OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| KEITH A. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-2667 |
| | ) | |
| vs. | ) | Judge Thomas M. Durkin |
| | ) | |
| CITY OF CHICAGO; PATRICK F. KENNEDY; | ) | |
| ROBERTA L. HONEYCUTT; RHEA M. | ) | |
| ROBINSON; MATTHEW C. HILLIARD; BRIAN | ) | |
| STOYAK; JOHN M. KILL; MICHAEL E. | ) | |
| MURPHY; WILLIE WHITEHEAD; PATRICIA | ) | |
| M. MARTINEZ; SCOTT STRAKA; TIMOTHY | ) | |
| J. MADISON; GABRIEL B. BARRERA; JAMES | ) | |
| SIMPSON, JR.; NORA E. COLLINS; DANIEL J. | ) | |
| KNEZEVIC; COUNTY OF COOK, ILLINOIS; | ) | |
| UNKNOWN COOK COUNTY SHERIFF'S | ) | |
| POLICE OFFICERS; JACK T. LIU; PAUL | ) | |
| SKRIVAN; CHUTARANA CHERAPONG; | ) | |
| SCOTT MCLEAN; LA VELLE ASHFORD; | ) | |
| ADBUL STEWART; JEREMY MCKINNEY; | ) | |
| JERRY APPLEGATE; NOE CANO; WHITNEY | ) | |
| LEE; SIMONE THORNTON; FRANCOIS | ) | |
| LUCAS; CHAFFON HARRIS; SANDRA | ) | |
| GRIFFIN; WEXFORD HEALTH SOURCES, | ) | |
| INC.; UNKNOWN EMPLOYEES OF WEXFORD | ) | |
| HEALTH SOURCES; DEBRA MOFFIT- | ) | |
| COLLINS; ANN BLANCHARD; VITALI | ) | |
| KONONOV; KARYN MORGAN; KRISTINA | ) | |
| KASHIRSKY; HOLLY LOGAN; MARY DIANE | ) | |
| SCHWARZ; SYLVIA MAHONE; KENNETH | ) | |
| BROOKS; | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, PATRICK F. KENNEDY, ROBERTA L. HONEYCUTT, RHEA M. ROBINSON, MATTHEW C. HILLIARD, JOHN M. KILL, MICHAEL E. MURPHY, PATRICIA M. MARTINEZ, SCOTT STRAKA, TIMOTHY J. MADISON, GABRIEL B. BARRERA, JAMES SIMPSON, JR., NORA E. COLLINS, DANIEL J. KNEZEVIC, AND CITY OF CHICAGO TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COME the Defendants, CITY OF CHICAGO (the "City"), by and through its attorney, Stephen Patton, Corporation Counsel for the City of Chicago, and PATRICK F. KENNEDY, ROBERTA L. HONEYCUTT, RHEA M. ROBINSON, MATTHEW C. HILLIARD, JOHN M. KILL, MICHAEL E. MURPHY, PATRICIA M. MARTINEZ, SCOTT STRAKA, TIMOTHY J. MADISON, GABRIEL B. BARRERA, JAMES SIMPSON, JR., NORA E. COLLINS, and DANIEL J. KNEZEVIC ("Defendants"), by and through one of their attorneys, Victoria R. Benson, Assistant Corporation Counsel, and as and for their Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint, hereby state as follows:

## INTRODUCTION

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights as secured by the United States Constitution.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City admit this action is brought pursuant to 42 U.S.C. § 1983, but deny that Plaintiff was deprived of his rights.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 1367.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City admit the allegations contained in this paragraph.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because, on information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

2

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City admit that the events alleged by Plaintiff against these Defendants occurred within this district, but lack sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

## **PARTIES**

4.    Plaintiff Keith A. West was arrested in Chicago, Illinois and detained in the Chicago Police Department 4th District Jail, in Cook County Jail, and in Stateville Correctional Center's Northern Reception and Classification Center ("Stateville NRC") at the time of the events at issue in this case.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and, upon information and belief, City, admit that Plaintiff was detained at the 4th District Chicago Police Station and detained in Cook County Jail, but lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

5.    Defendant City of Chicago ("City") is an Illinois municipal corporation that operates the Chicago Police Department ("CPD").  The City has a legal responsibility to ensure that the policies and procedures of its administrative departments, including the CPD, comply with the United States Constitution.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City admit that the City of Chicago is an Illinois municipal corporation that operates the Chicago Police Department.  Defendants deny the remaining allegations contained in this paragraph

3

because these allegations contain a vague, incomplete, and/or inaccurate statement

of the law.

6.     On information and belief, Defendant Officers Patrick F. Kennedy (Star No. 14414), Roberta L. Honeycutt (Star No. 4428), Rhea M. Robinson (Star No. 7358), Matthew C. Hilliard (Star No. 5090), Brian Stoyak (Star No. 7243), John M. Kill (Star No. 13366), Michael E. Murphy (Star No. 15504), Willie Whitehead (Star No. 1358) and Patricia M. Martinez (Star No. 12298) (together, the "Defendant Arresting Police Officers") and Scott Straka (Star No. 2767), Timothy J. Madison (Star. No.10679), Gabriel B. Barrera (Star No. 14679), James Simpson, Jr. (Star No.10221), Nora E. Collins (Star No. 11393) and Daniel J. Knezevic (Star No. 1768) (together, the "Defendant Transporting Police Officers" and together with the Arresting Police Officers, collectively the "the Defendant Police Officers") are residents of the State of Illinois and were employed by the CPD at the time of the events at issue in this case. At all times relevant to this Complaint, the Defendant Police Officers acted under color of state law and within the scope of their employment as members of the CPD.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City admit the allegations

contained in this paragraph.

7.     Defendant County of Cook, Illinois ("County") is a municipal corporation that operates the Cook County Sheriff's Police Department, Cook County Department of Corrections ("Cook County DOC") and Cermak Health Services of Cook County ("Cermak"). At all times relevant to this Complaint, Cermak provided medical care to inmates incarcerated at Cook County Jail, including Plaintiff during his incarceration at Cook County Jail. The County has a legal responsibility to ensure that the policies and procedures of its administrative departments, including the Cook County Sheriff, Cook County DOC and Cermak, comply with the United States Constitution.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the

allegations contained in this paragraph.

8.     On information and belief, Defendants Unknown Cook County Sheriff's Police Officers (together, the "Defendant Sheriff's Officers") are residents of the State of Illinois and were employed by the Cook County Sheriff's Police Department at the time of the events at issue in this

4

case. Although Plaintiff's factual investigation into the specific identities of the Defendant Sheriff's Officers continues, at this time Plaintiff believes certain of the Defendant Sheriff's Officers are Deputy Sheriffs L. Ervin and A. Currie. At all times relevant to this Complaint, the Defendant Sheriff's Officers acted under color of state law and within the scope of their employment as members of the Cook County Sherriff's [sic] Police Department.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

9. On information and belief, Defendant Correctional Officers Scott McLean, Lavelle Ashford, Adbul Stewart, Jeremy McKinney, Jerry Applegate, Noe Cano, Whitney Lee, Simone Thornton, Francois Lucas, Chaffon Harris and Sandra Griffin (together, the "Defendant Correctional Officers") are residents of the State of Illinois and were employed by the Illinois Department of Corrections ("IDOC") at the time of the events at issue in this case. At all times relevant to this Complaint, the Defendant Correctional Officers acted under color of state law and within the scope of their employment as members of the IDOC.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

10. Defendant Wexford Health Sources, Inc. ("Wexford") is a Florida Corporation that, at all times relevant to this Complaint, provided medical care to inmates incarcerated at Stateville NRC pursuant to a contract with the State. Wexford, in its capacity as a State contractor, implemented policies, procedures, rules and regulations for the medical treatment and care of inmates incarcerated at Stateville NRC and, at all times relevant to this Complaint, acted under color of law.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the

remaining allegations contained in this paragraph.

11.     At all times relevant to this Complaint, Defendant Employees of Wexford Health Sources Nurse Debra Moffit-Collins, R.N.; Dr. Ann Blanchard, D.D.S.; Nurse Kristina Kashirsky; Nurse Holly Logan; Nurse Karyn Morgan, R.N.; Dr. Vitali Kononov, M.D.; Mary Diane Schwarz, P.A.; Dr. Sylvia Mahone, M.D.; Dr. Kenneth Brooks, D.D.S.; and other unknown Wexford Personnel Defendants (together, the "Wexford Personnel Defendants") were employed by Wexford to provide medical services to Stateville inmates, including Plaintiff during his detention at Stateville NRC. The Wexford Personnel Defendants were responsible for the provision of medical care, treatment and medication to Plaintiff while detained at Stateville NRC and, as a result, Defendants were acting under color of law and within the scope of their employment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the

remaining allegations contained in this paragraph.

12.     At all times relevant to this Complaint, Defendant Employees of Cermak Health Services of Cook County Dr. Jack T. Liu, D.D.S., Paul Skrivan and Chutaratana Chearapong, R.N. (together, the "Cermak Personnel Defendants") were employed by Cermak to provide medical services to Cook County Jail inmates, including Plaintiff during his detention at Cook County Jail. The Cermak Personnel Defendants were responsible for the provision of medical care, treatment and medication to Plaintiff while detained at Cook County Jail, and as a result, Defendants were acting under color of law and, within the scope of their employment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient

information or knowledge upon which to form a belief as to the truth or falsity of the

remaining allegations contained in this paragraph.

## FACTUAL BACKGROUND

13.     On the evening of March 22, 2011, Plaintiff was handcuffed and arrested by the Defendant Arresting Police Officers in the Chicago Police Department's 4th District (the "March 22 Arrest").

**ANSWER**:    Defendants Kennedy, Robinson, and Hilliard admit handcuffing and arresting Plaintiff on March 22, 2011 within the 4th District of the Chicago Police Department. Defendants Honeycutt, Kill, Murphy, and Martinez admit that Plaintiff was handcuffed and placed under arrest on March 22, 2011 within the 4th District of the Chicago Police Department, but deny participating in the handcuffing of Plaintiff on March 22, 2011.

Defendants Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City, upon information and belief, admit that Plaintiff was handcuffed and placed under arrest on March 22, 2011 within the 4th District of the Chicago Police Department, but deny participating in the handcuffing of Plaintiff on March 22, 2011.

14.    During the March 22 Arrest, without provocation and acting pursuant to the CPD's custom and practice of using excessive force, the Defendant Arresting Police Officers repeatedly punched and kicked Plaintiff on his head and body resulting in multiple physical injuries, including a fractured tooth, a knocked-out filling, malocclusion, right shoulder trauma, swollen eye and lips, aggravation of preexisting injuries to Plaintiff's back, and damage to Plaintiff's ribcage, legs, and nerves.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, and Martinez deny the allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City, upon information and belief, deny the allegations contained in this paragraph.

15.    The excessive force used by Defendant Arresting Police Officers caused Plaintiffs front tooth (incisor) to be fractured, leaving the root of the tooth exposed. Defendant Arresting Police Officers' excessive force also knocked Plaintiffs filling out of his back tooth, leaving a very painful and significantly-sized cavity in Plaintiffs molar.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, and Martinez deny the allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City, upon

information and belief, deny the allegations contained in this paragraph.

16.     While still at the scene of arrest, Plaintiff repeatedly asked the Defendant Arresting Police Officers for transportation to a medical facility where he could receive treatment for the injuries caused during the March 22 Arrest.  Despite the fact that Plaintiff's tooth obviously needed medical attention, the Defendant Arresting Police Officers deliberately and maliciously ignored Plaintiff's requests for medical treatment, berated Plaintiff with obscenities, and refused to allow Plaintiff access to a medical facility for treatment and/or to provide transport to such a facility.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, and Martinez

deny the allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City, upon

information and belief, deny the allegations contained in this paragraph.

17.     Instead of arranging for medical treatment, the Defendant Arresting Police Officers transported Plaintiff to the 4th District Police Precinct approximately two hours after the March 22 Arrest.  After arriving at the precinct, Plaintiff, still suffering intense pain from his injuries, again requested medical attention; however, the Defendant Arresting Police Officers maliciously refused to provide medical treatment.  One Defendant Arresting Police Officer said to Plaintiff, "make bond then you can go to the hospital."  This statement, and the obscenities said by other Defendant Arresting Police Officers, evidences an informal policy of the Chicago Police Department of refusing to provide medical attention to its detainees.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, and Martinez

deny the allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City, upon

information and belief, deny the allegations contained in this paragraph.

18.     On Wednesday March 23, 2011, after enduring hours of intense pain, Plaintiff eventually was taken to the emergency room at South Shore Hospital by certain Defendant Transporting Police Officers.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and, upon information and belief,

8

City admit that Plaintiff was taken to the emergency room at South Shore Hospital,

but lack sufficient information or knowledge upon which to form a belief as to the

truth or falsity of the remaining allegations contained in this paragraph.

19. Doctors at South Shore Hospital began a medical examination of Plaintiff's injuries; however, before the doctors completed the medical examination, Defendant Transporting Police Officers deliberately and maliciously terminated Plaintiff's medical treatment. One of the Defendant Transporting Police Officers said to the doctor, "he can get all the medical [care] he wants at Cook County Jail. We're ready to go now."

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, and

City, upon information and belief, deny the allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, and Knezevic deny the

allegations contained in this paragraph.

20. Defendant Transporting Police Officers' actions are further evidence fo the City's informal policy of refusing to provide medical attention to detainees. As a result of the Transporting Police Officers' actions, the only treatment given to remedy Plaintiff's injuries at South Shore Hospital was an injection of pain medication, rather than the treatment Plaintiff actually required.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, and

City, upon information and belief, deny there is any informal policy of refusing to

provide medical attention to detainees, and, upon information and belief, deny the

remaining allegations contained in this paragraph.

Defendants Straka, Madison, Barrera, Simpson, Collins, and Knezevic deny the

allegations contained in this paragraph.

21. On March 24, 2011, Plaintiff was transferred to Cook County Jail. At or about 6:00 p.m., Plaintiff began medical intake at Cook County Jail, conducted by Cermak Personnel Defendant Chutaratana Cherapong, R.N. At or about 7:15 p.m. on March 24, 2011, Plaintiff was examined by Cermak Personnel Defendant Paul Skrivan. Plaintiff informed both Cermak Personnel Defendants Ms. Chearapong and Mr. Skrivanof his dental injuries and the injuries to his ribs, head, eye, back, and legs. Plaintiff informed Ms. Chearapong and Mr. Skrivan that he was suffering great pain from

his injuries and requested the removal of his damaged teeth. In response, Mr. Skrivan advised Plaintiff that there were no personnel on staff to accommodate him and told Plaintiff that he would have to cope with the pain.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

     Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

     or knowledge upon which to form a belief as to the truth or falsity of the allegations

     contained in this paragraph.

22. Although it was clear that Plaintiff required a full dental examination, a tooth extraction and his filling replaced, the Cermak Personnel Defendants merely provided Plaintiff with ibuprofen before completing medical intake. The Cermak Personnel Defendants also failed to schedule a follow-up appointment for the following day. The Cermak Personnel Defendants' actions, and their deliberate indifference to Plaintiffs injuries and suffering, evidence a pattern and practice of Cermak Health Services of denying or delaying medical treatment that requires prompt attention.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

     Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

     or knowledge upon which to form a belief as to the truth or falsity of the allegations

     contained in this paragraph.

23. In the days following medical intake at Cook County Jail, Plaintiff repeatedly described his injuries and pain to the Defendant Sheriff's Officers and asked them for medical treatment. Despite personal knowledge of Plaintiff's injuries and Plaintiff's ongoing pain and suffering, the Defendant Sheriff's Officers deliberately and maliciously ignored Plaintiff's requests for medical treatment, berated Plaintiff with obscenities and refused to allow Plaintiff access to the Cermak medical facility for treatment.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

     Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

     or knowledge upon which to form a belief as to the truth or falsity of the allegations

     contained in this paragraph.

24.     On March 28, 2011, almost one week after the March 22 Arrest, Plaintiff was finally given a dental examination by Cermak Personnel Defendant Dr. Jack T. Liu, D.D.S.  Dr. Liu told Plaintiff that dental surgery was needed to remove the two teeth that were severely damaged by the Defendant Arresting Police Officers during the March 22 Arrest.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

25.     Later that day, Dr. Liu commenced dental surgery on Plaintiff. After removing the damaged front tooth (Plaintiff's incisor), Dr. Liu began treatment on Plaintiff's damaged rear tooth (Plaintiff's molar).  However, before completing treatment of the molar, Dr. Liu abruptly ended the procedure and advised Plaintiff that surgery would not be completed due to "some matters beyond [the doctor's] control."  Dr. Liu's conduct further shows that Cermak has an informal policy of denying or delaying medical attention to its detainees, despite knowledge that an individual is in dire need of medical attention.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

26.     From March 28, 2011 through March 31, 2011, Plaintiff submitted four grievances detailing the excessive use of force by the Defendant Arresting Police Officers during the March 22 Arrest, the ongoing denial of his repeated requests for medical treatment by the Defendant Arresting Police Officers, Defendant Sheriff's Officers, and Defendant Cook County Officers, and the inadequate medical care provided by the Cermak Personnel Defendants.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

11

27. On April 1, 2011, Plaintiff was transferred to Stateville NRC for pre-trial detainment. Upon his arrival, Plaintiff immediately notified certain Defendant Correctional Officers of his injuries and resultant pain and suffering, and requested medical attention. Plaintiff also informed numerous medical personnel at Stateville NRC – including Wexford Personnel Defendant Nurse Debra Moffit-Collins and other unknown Wexford Personnel Defendants – of the specific nature of his injuries and the great pain he was suffering. Despite their personal knowledge of Plaintiff's serious medical problems and pain and suffering, Wexford Personnel Defendants and Defendant Correctional Officers deliberately and maliciously ignored Plaintiff's requests for medical treatment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

28. On April 2, 2011, Plaintiff was examined by one of the Wexford Personnel Defendants, believed to be Dr. Ann Blanchard, D.D.S. This Wexford Personnel Defendant confirmed that Plaintiff's molar was damaged and that exposed nerve endings were the source of his dental pain. Despite this diagnosis and Plaintiff's request for dental surgery, the Wexford Personnel Defendant explained that, pursuant to Wexford policies and procedures, neither she nor any of the Wexford Personnel Defendants would be able to provide Plaintiff with adequate and necessary medical treatment during his incarceration at the Stateville NRC facility and that he would have to wait until he was transferred to another facility.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

29. On April 9, 2011, the Plaintiff saw Wexford Psychiatrist Dr. Vitali Kononov. Plaintiff informed Dr. Kononov of the intense pain Plaintiff was suffering; however, despite Dr. Kononov's personal knowledge of Plaintiff's serious medical problems and pain and suffering, Dr. Kononov deliberately and maliciously ignored Plaintiff's requests for medical treatment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the remaining

allegations contained in this paragraph.

30.     Between April 25, 2011 and May 22,2011, on multiple occasions, Plaintiff informed Nurse Karyn Morgan, Nurse Kristina Kashirsky and Nurse Holly Logan of Plaintiff's injuries. Despite the Wexford Personnel Defendants' personal knowledge of Plaintiff's serious medical problems and pain and suffering, the Wexford Personnel Defendants deliberately and maliciously ignored Plaintiff's requests for medical treatment
.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

31.     During this time, Plaintiff also made dozens of requests for medical attention, both written and oral, to Wexford Personnel Defendants Mary Diane Schwarz, Dr. Sylvia Mahone and Dr. Kenneth Brooks, D.D.S. Despite the Wexford Personnel Defendants' personal knowledge of Plaintiffs serious medical problems and pain and suffering, the Wexford Personnel Defendants deliberately and maliciously ignored Plaintiffs requests for medical treatment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

32.     From April 2011 through August 2011, Plaintiff made repeated requests to the Wexford Personnel Defendants and Defendant Correctional Officers for medical treatment to remedy the pain and suffering caused by the myriad of injuries Plaintiff sustained during the March 22 Arrest, including crippling back pain, an injured right shoulder, pinched nerves in his left leg, and a damaged tooth with exposed nerve endings. Plaintiff also informed the Wexford Personnel Defendants and Defendant Correctional Officers of other physical maladies caused by these injuries and associated pain, including sleep deprivation, weight loss, fatigue, and muscle deterioration. Despite this personal knowledge of Plaintiff's serious dental injuries and ongoing pain and suffering, the Wexford Personnel Defendants and Defendant Correctional Officers continued to deliberately and maliciously ignore Plaintiff's requests for medical treatment.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information

or knowledge upon which to form a belief as to the truth or falsity of the allegations

contained in this paragraph.

33.     When Plaintiff requested medical attention on one occasion, one of the Defendant Correctional Officers responded, "when you get to another prison you can see a dentist and get your [medical] issues addressed." Each of the Defendants conduct throughout Plaintiff's incarceration is evidence of an informal policy for each Defendant to simply delay medical treatment until the prisoner has been sent to another facility.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City deny there was an informal

policy to delay medical treatment until Plaintiff was sent to another facility, but lack

sufficient information or knowledge upon which to form a belief as to the truth or

falsity of the remaining allegations contained in this paragraph.

34.     From May 2011 through September 2011, Plaintiff submitted multiple grievances detailing the excessive use of force by the Defendant Arresting Police Officers during the March 22 Arrest, the ongoing denial of his repeated requests for medical treatment by the Defendant Police Officers, Defendant Sheriff's Officers, Defendant Cook County Officers, Defendant Correctional Officers, and Wexford Personnel Defendants, and the inadequate medical care provided by the Cermak Personnel Defendants and the Wexford Personnel Defendants.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and, upon information and belief,

City deny Plaintiff was subjected to excessive force and was denied medical care, but

lack sufficient information or knowledge upon which to form a belief as to the truth

or falsity of the remaining allegations contained in this paragraph.

35.     On May 26, 2011, after months of repeated requests for treatment, Plaintiff's left rear tooth was finally removed by a Wexford doctor, Dr. Kenneth Brooks, D.D.S.

14

**ANSWER**:   Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

36.   On November 29, 2011, Plaintiff underwent surgery at Carle Foundation Hospital in Urbana, IL for the removal of vertebrae in his back.

**ANSWER**:   Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Excessive Use of Force)

37.   Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

**ANSWER**:   Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City reassert their answers to paragraphs 1 through 36 above as and for their answer to this paragraph as if fully set forth herein.

38.   As described in the preceding paragraphs, the conduct of Defendant Arresting Police Officers toward Plaintiff during the March 22 Arrest constitutes an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**:   Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations contained in this paragraph.

39.    Defendant Arresting Police Officers' actions were not objectively reasonable and were undertaken intentionally and with malice, willfulness and deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

40.    As a direct result of the unjustified and excessive use of force by Defendant Arresting Officers and the City's policy, practices, procedures, and custom, Plaintiff suffered damages resulting from physical injuries, pain and suffering and emotional distress.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Failure to Intervene)

41.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City reassert their

answers to paragraphs 1 through 36 above as and for their answer to this paragraph

as if fully set forth herein.

42.    Each of the individual Defendant Arresting Police Officers had a reasonable opportunity to prevent the use of excessive force against Plaintiff by the other Defendant Arresting Police Officers, but failed to do so, acting pursuant to a pattern and practice of allowing excessive force to be used on arrestees.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

43.    Defendant Arresting Police Officers' failure to intervene and prevent the use of excessive force against Plaintiff was not objectively reasonable and was undertaken intentionally and with malice, willfulness, and deliberate indifference to Plaintiff's constitutional rights.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

44.    As a direct result of the failure to intervene by the Defendant Arresting Police Officers and due to the City's policy, practices, procedures, and custom, Plaintiff suffered damages resulting from physical injuries, pain and suffering, and emotional distress.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983
### (Pre-Trial Denial of Medical Attention)

45.    Plaintiff realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 36 above.

**ANSWER**:    Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City reassert their

answers to paragraphs 1 through 36 above as and for their answer to this paragraph

as if fully set forth herein.

46.    As described in the preceding paragraphs, despite having actual knowledge of Plaintiff's serious medical needs, the Defendant Police Officers, Defendant Cook County Officers,

and Defendant Correctional Officers acted with deliberate indifference in withholding access to necessary and adequate medical attention from Plaintiff, evidencing an informal policy of each Defendant to delay medical treatment to its detainees, and in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny that adequate medical attention was withheld from Plaintiff by them, deny that they acted with deliberate indifference in their dealings with Plaintiff, deny there is any informal policy to delay medical treatment to detainees, and lack sufficient information or knowledge upon which to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

47. Defendants' actions were not objectively reasonable and were undertaken intentionally, with deliberate indifference, and with intent, knowledge, and reckless disregard of the high probability that the conduct would result in serious future harm and severe emotional distress to Plaintiff.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations contained in this paragraph.

48. As described in the preceding paragraphs, the Cermak Personnel Defendants and Wexford Personnel Defendants failed to provide Plaintiff with adequate medical attention, despite having actual knowledge of Plaintiff's serious medical needs, in violation of the United States Constitution.

**ANSWER**: Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City make no answer to the allegations contained in this paragraph as they are not directed to these Defendants.

49. In refusing to provide Plaintiff with adequate medical attention, despite Plaintiff's objectively serious medical needs, Defendants Cermak Medical Personnel and Wexford Medical

18

Personnel engaged in objectively unreasonable misconduct that was undertaken intentionally, and in accord with these facilities' custom and practice, with deliberate indifference and with intent, knowledge and reckless disregard of the high probability that the conduct would result in serious future harm and severe emotional distress to Plaintiff.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka,

Madison, Barrera, Simpson, Collins, Knezevic, and City make no answer to the

allegations contained in this paragraph as they are not directed to these Defendants.

    50.     As a direct result of the Defendants' unlawful actions, Plaintiff suffered damages resulting from the violation of his constitutional rights, including pain and suffering and emotional distress resulting from Plaintiffs' untreated medical needs.

**ANSWER**:     Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,

Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City deny the allegations

contained in this paragraph.

<h3 style="text-align:center">FOURTH CAUSE OF ACTION<br>(State Law–Negligence)</h3>

Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez, Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City make no answer to the allegations contained in this count, which are the subject of a separately filed Motion to Dismiss.

<h3 style="text-align:center">FIFTH CAUSE OF ACTION<br>(State Law--Respondent Superior)</h3>

Defendants Kennedy, Honeycutt, Robinson, Hilliard, Kill, Murphy, Martinez,  Straka, Madison, Barrera, Simpson, Collins, Knezevic, and City make no answer to the allegations contained in this count, which are the subject of a separately filed Motion to Dismiss.

## AFFIRMATIVE DEFENSES

1.      Defendant Officers are government officials, namely police officers, who performed discretionary functions.  At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed his actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed.  Defendant Officers, therefore, are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 claims.

2.      Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any state law claim alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202 (West 2011).

3.      Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (West 2011).

4.      The City is not liable to Plaintiff for any state law claim for which its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (West 2011).

5.      The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

6.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that

plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

7.      To the extent any injuries or damages claimed by Plaintiff was proximately caused, in whole or in part, by the negligent, wilful, wanton and/or other wrongful conduct of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

8.      Plaintiff is not entitled to attorney's fees for any state law claims.  *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

9.      Defendant officers are not liable for failure to furnish or obtain medical care for a prisoner in their custody, unless they knew from their observation that the prisoner was in immediate need of medical care and were willful and wanton in failing to take reasonable action to summon medical care.  745 ILCS 10/4-105 (West 2013).


**JURY DEMAND**

Defendants hereby demand a jury trial for all issues so triable.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiff, including for costs for defending this suit, and enter any other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Victoria R. Benson
Victoria R. Benson
Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-1842
(312) 744-6566 (FAX)
Atty No. 6282508